ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **WASTE COLLECTION, CORP.**<br><br>Peticionario<br><br>v.<br><br>**MUNICIPIO AUTÓNOMO DE CIDRA; HON. ÁNGEL DAVID CONCEPCIÓN GONZÁLEZ y otros**<br><br>Recurrido | TA2025CE00437 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: **CG2021CV02138**<br><br>Sobre: Incumplimiento de Contrato; Daños; Interferencia Torticera |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

Comparece ante este foro revisor, Waste Collection, Corp. (Waste Collection o parte peticionaria) y nos solicita que revisemos la *Resolución* emitida el 20 de junio de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Moción de Sentencia Sumaria Parcial* instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

## I.

El caso de autos inició en 2021, cuando Waste Collection incoó una *Demanda* sobre incumplimiento de contrato, daños y perjuicios e interferencia torticera, en contra del Municipio Autónomo de Cidra (Municipio), de su alcalde, el Hon. Ángel David Concepción, en su carácter personal y otras partes, relacionada con la prestación de servicios de recogido y disposición de desperdicios

sólidos. Debido a su extenso trámite procesal, en esta ocasión nos remitiremos únicamente a los hechos que dieron origen a la controversia que hoy atendemos.

En el 2022, el Municipio presentó una *Contestación a la demanda, reconvención y demanda contra tercero*. En la reconvención levantó tres (3) causas de acción en contra de Waste Collection. En la primera, alegó que procedía una sentencia declaratoria, en cuanto a que el Municipio podía resolver el contrato antes de su vencimiento mediante aviso previo con no menos de 30 días de anticipación a la fecha de la cancelación, según el Artículo 4 inciso 2 del contrato. En la alternativa, arguyó que, de no proceder la cancelación del contrato, el Tribunal podía resolver si el Municipio podía mantener una relación contractual con Waste Collection.

En la segunda causa de acción, el Municipio sostuvo que, el 1 de junio de 2021, notificó a Waste Collection la cancelación del contrato efectivo al 1 de julio de 2021. Añadió que, a partir del 1 de junio de 2021, la compañía abandonó los servicios del recogido de desperdicios sólidos y provocó una emergencia ambiental en todo el Municipio. Por ello, argumentó que Waste Collection era la única y absoluta responsable de la aludida emergencia. Como tercera causa de acción, el Municipio arguyó que, el decreto de exención contributiva municipal, concedido el 1 de junio de 2015 a Waste Collection, era ilegal y se otorgó en violación de la Ley de Municipios Autónomos vigente en ese entonces.

En la demanda contra tercero incoada contra Oscar Santamaría Torres, quien se alegó fue y/o es el presidente, director, accionista y/o dueño de Waste Collection, el Municipio adujo que no podía mantener una relación contractual con dicha entidad, toda vez que Santamaría Torres se declaró culpable de incurrir en un patrón de sobornos y "*kickbacks*"; era un convicto federal que lo inhabilitaba a contratar con el Gobierno, instrumentalidades y

Municipios; y que la Administración de Servicios Generales (ASG) expulsó del Registro Único de Licitadores de Puerto Rico a Waste Collection por ser una de las compañías involucradas en un esquema de corrupción con varias figuras públicas, debido a las actuaciones concertadas de su incorporador Santamaría Torres.

Luego de varias incidencias procesales, el 21 de abril de 2025, Waste Collection instó una *Moción de Sentencia Sumaria Parcial.* Allí enumeró 11 hechos sobre los cuales entendía que no existía controversia. Añadió que el asunto litigioso a resolver era si la reclamación del Municipio sobre nulidad y/o ilegalidad del decreto de exención contributiva que se le otorgó carecía de mérito. Manifestó que, en esta etapa de los procedimientos, procedía que el Tribunal emitiera una sentencia sumaria parcial por medio de la cual desestimara la "Tercera Causa de Acción: Nulidad de Exención Contributiva y Cobro de Dinero" incluida en la reconvención del Municipio.[1]

En desacuerdo, el 27 de mayo de 2025, el Municipio incoó una *Oposición a Solicitud de Sentencia Sumaria.* En esencia, alegó que la moción de sentencia sumaria era prematura, toda vez que el descubrimiento de prueba no se había completado. Aseveró que, en la etapa en que se encontraba el caso, no existía base para determinar que no contaba con evidencia admisible suficiente para probar sus alegaciones. Por tanto, esbozó que no procedía la desestimación sumaria de la reconvención por insuficiencia de prueba.[2]

Evaluadas las posturas de ambas partes, más los documentos anejados, el 20 de junio de 2025, el foro *a quo* emitió la *Resolución*

---

[1] Junto a su escrito anejó los siguientes documentos: deposición de la señora Aricedly Díaz Ortiz y Decreto de Exención Contributiva Municipal

[2] Junto a su escrito anejó los siguientes documentos: Ordenanza Núm. 3 Serie 2013-2014 del Municipio Autónomo de Cidra; Decreto de Exención Contributiva Municipal; deposición de la señora Aricedly Díaz Ortiz; copias de los expedientes de las oficinas de desarrollo económico finanzas.

que hoy revisamos. Mediante la misma, declaró *No Ha lugar* la solicitud de sentencia sumaria parcial presentada por Waste Collection. En su dictamen, el Tribunal formuló las siguientes determinaciones de hechos:

1. Waste Collection tuvo un decreto de exención contributiva municipal.

2. El decreto de exención contributiva (Decreto #001) fue otorgado por el Municipio el 1 de junio de 2015.

3. Mediante el decreto, se otorgó a Waste Collection una exención de cien por ciento (100%) de patentes municipales durante cinco (5) años.

4. La exención de cien por ciento (100%) de patentes municipales durante los primeros cinco (5) años se otorgó a Waste Collection "por ser la empresa un negocio nuevo, único en Cidra, clasificado como "nueva actividad deseada", y localizado en una Zona Especial, según establecido por el Departamento de Planificación y Permisos del Municipio Autónomo de Cidra.

5. La exención del cien por ciento (100%) de patentes municipales por cinco (5) años significa que no se tiene que pagar patente municipal.

6. Mediante el decreto, se otorgó a Waste Collection una exención de cien por ciento (100%) en cuanto a propiedad mueble e inmueble durante los primeros cinco (5) años, "por ser la empresa un negocio nuevo, único en Cidra, clasificado como "nueva actividad deseada", y localizado en una Zona Especial, según establecido por el Departamento de Planificación y Permisos del Municipio Autónomo de Cidra".

7. La vigencia del decreto comenzaba el 1 de junio de 2015 y culminaba el 31 de mayo de 2020.

8. Como parte de sus funciones, el director de finanzas del Municipio debe asegurar el buen uso de los fondos públicos.

9. El procedimiento para solicitar un decreto de exención contributiva comienza con la presentación de una petición y documentos adicionales ante el Departamento de Desarrollo Económico del Municipio. La documentación requerida se desprende del Artículo 7 del Reglamento.

10. Entre los documentos que se deben acompañar figura una Certificación negativa del CRIM a los efectos de establecer que ni el peticionario, ni sus socios o accionistas principales figuran con deudas contributivas.

11. La petición es remitida por dicho Departamento al Departamento de Finanzas y a la Oficina de Planificación y Permisos quienes forman parte del Comité Evaluador. Este Comité evalúa y recomienda al Alcalde la otorgación de las exenciones totales y parciales y está compuesto por el Director de

Finanzas, el Director de Desarrollo Económico y el Director de Planificación y Permisos, además de cualquier otro funcionario designado por el Alcalde.

12. Es el Comité Evaluador quien analizará todas las circunstancias del caso y recomendará al Alcalde la concesión o denegación del decreto.

13. Copia de los casos evaluados y recomendados favorablemente serán enviados a la Legislatura Municipal para su conocimiento.

14. Los decretos se otorgan bajo la firma del Alcalde.

15. Asimismo, el concesionario vendrá obligado a radicar dentro de los 90 días a partir de la fecha de notificación del Decreto, una declaración jurada donde exprese su aceptación incondicional del Decreto y todos los términos y condiciones contenidos en el mismo. La misma formará parte del expediente de la Oficina de Desarrollo Económico.

16. El expediente de la solicitud de exención se encuentra bajo el dominio, posesión y custodia de la Oficina de Archivo Inactivo de la Oficina de Documentos Públicos del Municipio.

17. Entre los incumplimientos que podemos destacar de los mismos, de dicho expediente no surge que se haya enviado a la Legislatura Municipal el decreto aprobado. Tampoco surge que exista certificación negativa del Centro de Recaudación de Ingresos Municipales (CRIM) de los socios o accionistas principales ni de Waste Collection. No existe evidencia de que se haya presentado declaración jurada aceptando incondicionalmente el decreto más tampoco consta una certificación de deuda negativa del Departamento de Hacienda.

18. De los expedientes custodiados por la Oficina de Finanzas del Municipio no surge que para los años 2015-2018 Waste Collection remitiera copia de las planillas contributivas, de contribución sobre la propiedad mueble e inmueble radicadas en esos años al CRIM, certificaciones negativas de deuda (CRIM, Hacienda, Departamento del Trabajo) y copia del volumen de negocios de patentes municipal.

A su vez, el TPI determinó que existía controversia sobre el siguiente hecho:

1. Si la exención contributiva otorgada a la parte demandante fue concedida incumpliendo con los preceptos legales establecidos en el Reglamento. Por lo que, la validez del decreto se encuentra en controversia.

El foro de instancia concluyó que Waste Collection no evidenció que cumplió con todos los requisitos establecidos en el Reglamento aplicable para disfrutar del decreto de exención

contributiva. En consecuencia, determinó que la validez de este aún se encuentra en controversia y que desconocía si dicho panorama cambiaría luego de finalizado el descubrimiento de prueba.

En desacuerdo, Waste Collection solicitó reconsideración, a lo cual se opuso el Municipio. El foro de instancia declaró *No Ha Lugar* la moción de reconsideración mediante *Orden* dictada el 12 de agosto de 2025.

Aun insatisfecho, Waste Collection acude ante este foro revisor y señala que el foro *a quo* cometió los siguientes errores:

> ERRÓ EL FORO DE INSTANCIA AL NO FORMULAR DETERMINACIONES SOBRE HECHOS DE LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL QUE NO FUERON CONTROVERTIDOS PROPIAMENTE.

> ERRÓ EL FORO DE INSTANCIA AL EMITIR DETERMINACIONES DE HECHOS SOBRE ELEMENTOS QUE NO FUERON RELACIONADOS COMO HECHOS ADICIONALES EN LA OPOSICIÓN A SOLICITUD DE SENTENCIA SUMARIA, SINO QUE FUERON INTENTOS DE CONTROVERTIR LOS HECHOS PRESENTADOS EN LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL.

> ERRÓ EL FORO DE INSTANCIA AL EMITIR DETERMINACIONES DE HECHOS EN RELACIÓN CON ELEMENTOS QUE INCUMPLÍAN CON LA REGLA 36.3 DE PROCEDIMIENTO CIVIL.

> ERRÓ EL FORO DE INSTANCIA AL ESTABLECER QUE SE ENCUENTRA EN CONTROVERSIA LA VALIDEZ DEL DECRETO DE EXENCIÓN CONTRIBUTIVA DEBIDO A QUE NO SE HA PRESENTADO FUNDAMENTO ALGUNO QUE VIABILICE SU NULIDAD.

El 6 de octubre de 2025, el Municipio compareció por medio de una *Oposición a Certiorari*. Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

**II.**

**A**.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*,

154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[3]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[3] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

La Regla 36 de Procedimiento Civil dispone el mecanismo extraordinario y discrecional de la sentencia sumaria. 32 LPRA, Ap. V, R. 36. El propósito principal de este mecanismo procesal es propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que puede prescindirse del juicio plenario. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, res. el 7 de enero de 2025, 2025 TSPR 1; *Serrano Picón v. Multinational Life Ins*, 212 DPR

981 (2023).[4] Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015). La sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, procede hacerlo. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601 (2023).

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de naturaleza tal que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión,* 178 DPR 200, 213-214 (2010), seguido en *Meléndez González v. M. Cuebas,* supra, pág. 110.

Nuestro ordenamiento civil y su jurisprudencia interpretativa dispone que se deben cumplir unos requisitos de forma los cuales deben satisfacerse al momento de presentar una solicitud de sentencia sumaria. Estos requisitos son: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria, (4) una relación concisa, organizada y en

---

[4] Véase, además: *Oriental Bank v. Caballero García*, 212 DPR 671 (2023); *Ferrer et. al. v. PRTC,* 209 DPR 574, 580-581 (2022); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Ramos Pérez v. Univisión,* supra.

párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del Tribunal; (5) las razones por las cuales se debe dictar sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición. Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020). El hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material. Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". La Regla 36.5 de Procedimiento Civil, dispone que de no producirse por parte del opositor una exposición de hechos materiales bajo juramento, deberá dictarse sentencia sumaria en su contra. 32 LPRA Ap. V, R. 36.5; *Ramos Pérez v. Univisión*, supra, págs. 215-216.

La Regla 36.4 de Procedimiento Civil, establece que, si no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la moción de sentencia sumaria, y, por tanto, es necesario celebrar juicio, será obligatorio que el Tribunal en su dictamen determine los hechos esenciales sobre los

cuales no haya controversia sustancial y aquellos que sí se encuentran genuinamente en controversia. 32 LPRA Ap. V, R. 36.4.

Cónsono con lo anterior, nuestro estado de derecho le impone y exige al TPI, exponer los hechos materiales y esenciales que están en controversia, así como los que no lo están, independientemente de cómo resuelvan una solicitud de sentencia sumaria. *Meléndez González v. M. Cuebas*, supra, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el expediente judicial y; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913-914 (1994).

Por último, en *Meléndez González v. M. Cuebas,* supra, el Tribunal Supremo de Puerto Rico estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar denegatorias o concesiones de mociones de sentencia sumaria. Conforme a ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La tarea de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Nuestro Más Alto Foro ha pautado que este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. *Meléndez González v. M. Cuebas*, supra, págs.

118-119. Es decir, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. *Íd.*

**III.**

Debido a que la controversia bajo nuestra consideración versa sobre la denegatoria de una moción de carácter dispositivo, podemos revisar discrecionalmente la decisión recurrida por vía del auto de *certiorari,* conforme la Regla 52.1 de Procedimiento Civil, *supra.*

Por su estrecha relación, discutiremos los señalamientos de error conjuntamente.

En esencia, la parte peticionaria sostiene que incidió el foro primario al declarar *No Ha Lugar* su moción de sentencia sumaria parcial y disponer que existía controversia real y sustancial en cuanto a la validez del decreto de exención contributiva que se le otorgó. Sobre ese particular, entiende que el Municipio no expuso, ni discutió, disposiciones estatutarias específicas o fundamento alguno que posibilite un decreto de nulidad de la exención contributiva por el presunto incumplimiento con el Reglamento aplicable. A tono con lo anterior, precisa que un alegado incumplimiento con el referido Reglamento no conlleva la nulidad del decreto de exención, sino que puede tener la consecuencia de que este sea revocado por el Alcalde, luego de otorgar la oportunidad de comparecer y ser oído. Hace hincapié que en el caso de autos el Alcalde no revocó su decreto. Resalta que es el Municipio quien plantea en la reconvención la presunta nulidad y quien ostenta el peso de la prueba de su reclamación.

Además, la parte peticionaria considera que las admisiones esbozadas en su moción de sentencia sumaria parcial derrotan la reclamación del Municipio referente al decreto de exención contributiva. Es su contención que el foro recurrido erró al no emitir

determinaciones sobre los hechos nueve (9)[5], diez (10)[6] y once (11)[7], incluidos en la moción de sentencia sumaria parcial.

Asimismo, la parte peticionaria argumenta que el foro de instancia erró al emitir en su *Resolución* las determinaciones de hecho nueve (9) a la dieciocho (18), por medio de las cuales adoptó elementos que el Municipio no relacionó en la oposición a solicitud de sentencia sumaria como hechos adicionales a tono con la Regla 36.3(b) de Procedimiento Civil. Es decir, que la parte recurrida no cumplió con las exigencias de dicha Regla.

Por otro lado, la parte recurrida está conforme con la decisión objetada y aduce que procede denegar la expedición del auto de *certiorari*. Esboza que el TPI cumplió a cabalidad con el rigor de la Regla 36 de Procedimiento Civil. A su vez, manifiesta que cuenta con información y evidencia admisible para probar los elementos de la causa de acción incluida en la reconvención, por lo cual no procede la desestimación sumaria solicitada. Aduce que la parte peticionaria no logró establecer de manera clara y concluyente que los hechos invocados en su moción de sentencia sumaria parcial estaban libres de controversia. Alega que existen elementos fácticos que requieren evaluación probatoria en juicio.

A su vez, la parte recurrida esboza que el foro de instancia actuó correctamente al considerar los elementos controvertidos presentados en su oposición a la moción de sentencia sumaria parcial, aunque no fueran rotulados como hechos adicionales. Razona que le presentó al TPI alegaciones específicas y sustanciales que cuestionan la legalidad del decreto otorgado a la parte

---

[5] Este establecía que, "[c]omo parte de sus funciones, la directora de finanzas del Municipio conoce sobre los requerimientos para la concesión de un decreto de exención contributiva y ello es parte de su responsabilidad".

[6] Este establecía que "[l]a directora de finanzas del Municipio no tiene ninguna razón para pensar que el decreto concedido a Waste Collection fue contrario a la ley".

[7] Este establecía que "[l]a directora de finanzas del Municipio no tiene razón para pensar que Waste Collection incumplió algún requerimiento necesario para que el decreto le fuera concedido".

peticionaria, señalando que este fue emitido en contravención a las disposiciones vigentes aplicables al momento de su otorgamiento. No obstante, destaca que el TPI no concluyó que el decreto concernido era nulo o inválido, sino que se limitó a determinar que ello está en controversia. Por ende, esgrime que las alegaciones de la parte peticionaria al respecto son incorrectas y deben ser rechazadas.

Tras examinar *de novo* la moción de sentencia sumaria parcial y su oposición, acogemos las determinaciones de hechos formuladas por el foro primario en el dictamen recurrido, por entender que están debidamente sustentadas. Por consiguiente, concluimos que el foro primario actuó correctamente al resolver que la validez del decreto otorgada a la parte peticionaria aún se encuentra en controversia, lo que impide la resolución por la vía sumaria del asunto. Es claro que dicha controversia solo puede ser atendida en juicio, mediante el desfile de prueba de las partes, una vez concluya el descubrimiento de prueba.

Por lo tanto, luego de analizada la totalidad de las circunstancias del caso, colegimos que no concurre ninguno de los criterios que mueva nuestra discreción para expedir el auto de *certiorari* solicitado y, en consecuencia, nos abstenemos de intervenir con la *Resolución* impugnada. Lo anterior, por no encontrar indicio alguno de que el foro primario actuó de forma arbitraria, caprichosa, en abuso de su discreción o que cometió algún error de derecho.

**IV.**

Por los fundamentos antes esbozados, denegamos la expedición del auto de *certiorari* solicitado. Regla 52.1 de Procedimiento Civil, *supra,* y Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones